Marina Lang, Cal. Bar No. 251,087
mlang@socalip.com
Michael D. Harris, Cal. Bar No. 59,470
mharris@socalip.com
Brian Tamsut Cal. Bar No. 322,780
btamsut@socalip.com
SoCal IP Law Group LLP
310 North Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350

Attorneys for Rincon Distribution LLC

**United States District Court**

**Central District of California—Western Division**

| Rincon Distribution LLC, a California Limited Liability Corporation<br>Plaintiff,<br>v.<br>Fireclay Tile, Inc., a California Corporation<br>Defendant. | Case No. 2:20-cv-6844<br><br>Complaint for:<br>(1)FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C.§1114/ Lanham Act § 43(a)];<br>(2)FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION/FALSE OR MISLEADING ADVERTISING 15 U.S.C. §1125(a)];<br>(3) UNFAIR BUSINESS PRACTICES [CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200]<br><br>Demand for Jury Trial |
|---|---|

Plaintiff Rincon Distribution LLC ("Rincon" or "Plaintiff"), for its Complaint against Fireclay Tile, Inc. ("Fireclay" or "Defendant"), makes these allegations:

**Nature of the Action**

1. This is an action for infringement of Plaintiff's trademark rights and related unfair competition claims against the Defendant. Specifically, Defendant has wholly adopted Plaintiff's well-known and registered TERRAIN® trademark into its own trademark and trade name. Defendant uses its infringing trademark and trade name to offer services that compete or overlap with the services offered by Plaintiff. Such use

is likely to lead to confusion in the marketplace and unlawfully trades off Plaintiff's goodwill and reputation. Defendant's acts amount to trademark infringement and unfair competition and Plaintiff seeks injunctive relief, damages, treble damages, and its attorney's fees and costs, and other relief authorized under federal and state law.

**PARTIES, JURISDICTION AND VENUE**

2. Plaintiff Rincon Distribution LLC is a California Limited Liability Corporation having its principal place of business at 1717 Palma Drive, Ventura, California.

3. Fireclay Tile Inc. is a California Corporation having its principal place of business at 521 Quarry Road, Aromas, California 95004.

4. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) because Plaintiff's federal claim arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This Court has subject matter jurisdiction over Plaintiff's related common law of California claims under 28 U.S.C. §§ 1338(b) and 1367 because the state law claims relate to claims for unfair competition.

5. This court has personal jurisdiction over the Defendant because the Defendant does business in California and in this district by advertising and selling goods in this district or by putting goods into the stream of commerce so the goods will be sold in this district and because at least some of the infringing acts that are the subject of this complaint occurred in this state. Defendant conducts business in the jurisdiction of the United States District Court for the Central District of California by offering goods for sale in Los Angeles, California, that infringes on Plaintiff's registered trademark.

6. Additionally, supplemental jurisdiction exists over Defendant because, on information and belief, Defendant conducts business in California and in this judicial district, has purposefully directed action to California and this district, or has other-

wise availed itself of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c) and (e) because Defendant is a corporation and is subject to personal jurisdiction in California and, on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and has caused damages to Plaintiff in this district. Defendant purposefully advertises, sells and distributes infringing products in this district and in California. Defendant's actions within this district directly interfere with and damage Plaintiff's commercial efforts and endeavors and harms Plaintiff's goodwill within this venue. Additionally, Plaintiff conducts a substantial business within this venue.

## FIRST CLAIM FOR RELIEF

## FEDERAL TRADEMARK INFRINGEMENT

8. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this claim.

9. Plaintiff Rincon manufactures and sells high quality flooring materials such as stone tiles, concretes, porcelains, ceramics, glass and other flooring materials. Rincon imports its materials from around the world. Rincon's customers purchase Rincon's products for a vast range of building projects, including but not limited to commercial, governmental, institutional, hospitality, medical, restaurant, retail, and residential projects.

10. Since at least as early as January 1, 2012, Rincon has been using the mark TERRAIN® continuously on high quality stone, concretes, porcelains, ceramics, glass and other flooring products in California and outside the state in interstate commerce. Over the past several years, Rincon has built a strong reputation in the flooring industry under the TERRAIN® Mark. In addition, Rincon has devoted substantial resources

to promoting the goodwill of its TERRAIN® trademark. As a result, Rincon has developed strong brand recognition in its TERRAIN® Mark, and consumers associate the TERRAIN® brand with Plaintiff's flooring materials.

11. Rincon owns United States Trademark Registration No. 4,940,488, which issued April 19, 2016, for the mark TERRAIN® for Ceramic tiles; Natural stone and stone tile; Paving stone (the TERRAIN® registration). Exhibit 1 is a copy of the registration certificate.

12. Rincon's TERRAIN mark is inherently distinctive or has acquired secondary meaning. Rincon has used the registration symbol "®" consistently with its use of the TERRAIN Mark. Rincon's use of the registration symbol put Defendant on notice of the TERRAIN® Mark and subjects Defendant to liability for Rincon's lost profits and other damages and for Defendant's profits. See 15 U.S.C. § 1111.

13. Defendant has wholly adopted Plaintiff's well-known and registered TERRAIN® trademark into its own trademark. Defendant uses its infringing trademark to offer services that compete or overlap with the services offered by Plaintiff. Such use is likely to lead to confusion in the marketplace and unlawfully trades off Plaintiff's goodwill and reputation. Defendant's acts amount to trademark infringement and unfair competition and Plaintiff seeks injunctive relief, damages, treble damages, and its attorney's fees and costs and other relief authorized under federal and state law.

14. The picture below shows an image from Defendant's website. The arrows point to Rincon's Trademark appearing on Defendant's website offering to sell competing tile products. The picture was taken from the website https://www.fireclaytile.com/handpainted/detail/terrain?color=white-motif accessed on July 21, 2020.

//

//

//

//

//

15. Defendant's objectionable use of the TERRAIN® Mark is likely to cause confusion, to cause mistake, or to deceive the public about the affiliation, connection or association of Defendant with Rincon or on the origin, sponsorship, or approval of Defendant's websites, products or services by Rincon or a single source. Defendant's objectionable use of Plaintiff's mark misappropriates Rincon's extensive goodwill.

16. Defendant knew at all times that marks they used and registered were confusingly similar to the TERRAIN® Mark.

17. On information and belief, Defendant chose and continued using the TERRAIN® Mark to trade on Rincon's goodwill. Defendant's infringement has been and continues to be willful because it knew about Plaintiff's rights and continued infringing.

18. Defendant's acts of trademark infringement have been committed intending to deceive and cause confusion and mistake and were otherwise deliberate, knowing, willful or in bad faith.

19. As a proximate result of Defendant's trademark infringement, Plaintiff has been damaged in an amount to be proven at trial. Further, Plaintiff alleges on information and belief that, as a proximate result of Defendant's trademark infringement, Defendant has unlawfully profited in an amount to be proven at trial.

20. On June 8, 2020 Rincon demanded that Defendant cease and desist further use of any of the TERRAIN® marks by sending Defendant a letter, but Defendant refused the demand and continued their infringement.

21. As a proximate and foreseeable result of defendants' infringement, Rincon has been damaged in an amount presently unknown.

22. Rincon has been and will continue to be damaged by Defendant's infringement of the TERRAIN® Mark.

23. Through Defendant's acts alleged in this complaint, Rincon is suffering and will continue to suffer irreparable harm for which Rincon has no adequate remedy at law. Unless the Court restrains Defendant from continuing these wrongful acts, the damage to Rincon will increase.

**SECOND CLAIM FOR RELIEF**

**VIOLATION OF LANHAM TRADEMARK ACT § 43(a) (15 U.S.C. § 1125(a))**

24. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this claim.

25. This claim for relief arises under the Lanham Trademark Act, 15 U.S.C. §§ 1051-1127.

26. This court has subject matter jurisdiction over this claim for relief under 28 U.S.C. § 1338, 15 U.S.C. § 1121(a) and other federal statutes.

27. Defendant's conduct constitutes unfair competition, false description, and false designation of origin in violation of § 43(a) of the Trademark Act, 15 U.S.C. § 1125(a).

28. Defendant's conduct alleged in this complaint is likely to cause confusion, deception, or mistake among purchasers, potential purchasers and consumers of Rincon's products in the United States and in California.

29. Defendant's use of TERRAIN® violates 15 U.S.C. § 1125(a) as the use has or is likely to mislead the public and is unfair competition. As a proximate and foreseeable result of Defendant's violations of the Lanham Act, Rincon has been damaged in an amount presently unknown. Defendant may have also unjustly earned profits that but for their acts complained of here, they would not have earned.

30. Defendant is liable for Rincon's damages and Defendant's profits.

31. Through Defendant's acts alleged in this complaint, Rincon is suffering and will continue to suffer irreparable harm for which Rincon has no adequate remedy at law. Unless the court restrains Defendant from continuing these wrongful acts, the damage to Rincon will increase.

## THIRD CLAIM FOR RELIEF

### CALIFORNIA UNFAIR COMPETITION

32. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this claim.

33. This court has subject matter jurisdiction under 28 U.S.C. § 1338(b) because this is a claim for relief of unfair competition joined with a substantial and related claim under the federal trademark laws.

34. Defendant's use of the mark TERRAIN® is an act of unfair competition under California Bus. & Prof. Code §§ 17500–17577.5 because Defendant's conduct is (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, (4) and an "unfair, deceptive, untrue or misleading advertising." Defendant's unlawful use of TERRAIN® violates federal trademark law and it is likely to cause confusion, deception, or mistake among purchasers, potential purchasers and consumers of Rincon's flooring products in the United States and in California.

35. As a proximate and foreseeable result of Defendant's violations of the California unfair competition law, Rincon has been damaged in an amount presently unknown. Defendant may have also unjustly earned profits that but for their acts complained of here, they would not have earned.

36. Defendant is liable for Rincon's damages and Defendant's profits.

37. Defendant is guilty of oppression, fraud or malice based upon the acts alleged above. Therefore, Defendant is liable to Plaintiff for punitive damages.

38. Through Defendant's acts alleged in this complaint, Rincon is suffering and will continue to suffer irreparable harm for which Rincon has no adequate remedy at

law. Unless the court restrains Defendant from continuing these wrongful acts, the damage to Rincon will increase. Through Defendant's acts alleged in this complaint, Rincon is suffering and will continue to suffer irreparable harm for which Rincon has no adequate remedy at law. Unless the court restrains Defendant from continuing these wrongful acts, the damage to Rincon will increase.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff Rincon requests this court issue judgment:

1. Finding that Defendant's use of the mark TERRAIN infringed Rincon's registered TERRAIN® trademark because the use is likely to cause confusion, deception and mistake as to the source of the goods with Rincon's use of its trademark.

2. Preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees, and attorneys, assigns and all persons in active concert with or participation with it from:

a. Using the TERRAIN® registered trademark and all other trademarks owned by Rincon recognized at common law;

b. Using TERRAIN or any other word, phrase or other designation confusingly similar to Rincon's TERRAIN® trademark alone or combined with other words, as a trademark, trade name, service mark, component or otherwise, to advertise or identify defendants or tiles;

c. Using any domain name or retaining the registration of any domain name that incorporates the words "terrain" or any other term confusingly similar to Rincon's Marks;

d. Otherwise infringing Rincon's TERRAIN® Mark;

e. Unfairly competing with Rincon in any manner; or

f. Causing a likelihood of confusion to Rincon and its marks, symbols, labels, or forms of advertising or promotion.

3. Awarding Rincon damages in an amount to be proved but believed to be at least $100,000.

4. Awarding Rincon Defendant's unjustly earned profits in an amount to be proved but believed to be at least $100,000.

5. Awarding Rincon enhanced damages (up to treble damages) for Defendants' Lanham Trademark Act violations.

6. Awarding Rincon exemplary damages for Defendants' California unfair competition law violations.

7. Requiring Defendant to deliver up to Rincon's attorneys for destruction all products, literature, advertisements and other material bearing the infringing TERRAIN mark.

8. Requiring Defendant, within 30 days after the service of any judgment, to file with this court and serve upon Rincon's attorneys, a written report under oath setting forth the manner in which they have complied with the judgment.

9. Ordering an accounting requiring Defendant to pay to Rincon the profits Defendant received as compensation for their infringement of Rincon's trademarks, from defendant's initial use of TERRAIN® until judgment.

10. Holding this case to be exceptional and awarding Rincon its reasonable attorney fees under 15 U.S.C. § 1117.

11. Entering any other relief that the court deems proper.

July 30, 2020

/s/ Michael Harris
Michael Harris
SoCal IP Law Group LLP

Attorney for Plaintiff Rincon Distribution LLC

**Jury Demand**

Plaintiff demands a trial by jury on all issues triable to a jury.

July 30, 2020

/s/ Michael Harris
Michael Harris
SoCal IP Law Group LLP

Attorney for Plaintiff Rincon Distribution LLC